# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $231,300.00 | 12-08-2006 | 01-01-2037 | | | | | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item containing "****" has been omitted due to text length limitations.

**Borrower:** DYLAN REEVES (SSN: 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)
9808 S. NORMAL
CHICAGO, IL 60628

**Lender:** ShoreBank
7054 South Jeffery Blvd.
Chicago, IL 60649

---

**Principal Amount: $231,300.00**    **Interest Rate: 7.000%**    **Date of Note: December 8, 2006**

**PROMISE TO PAY.** I ("Borrower") promise to pay to ShoreBank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Hundred Thirty-one Thousand Three Hundred & 00/100 Dollars ($231,300.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance. Interest shall be calculated from the date of each advance until repayment of each advance.

**PAYMENT.** I will pay this loan in accordance with the following payment schedule: 6 monthly consecutive interest payments, beginning February 1, 2007, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum; 353 monthly consecutive principal and interest payments of $1,546.56 each, beginning August 1, 2007, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum; and one principal and interest payment of $1,549.75 on January 1, 2037, with interest calculated on the unpaid principal balances at an interest rate of 7.000% per annum. This estimated final payment is based on the assumption that all payments will be made exactly as scheduled; the actual final payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under this Note. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Interest on this Note during the initial interest only payment period is computed on a 365/365 simple interest basis; that is, by applying the ratio of the annual interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Interest on this Note during the permanent loan phase is computed on a 30/365 simple interest basis; that is, with the exception of odd days in the first payment period, monthly interest is calculated by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by a month of 30 days. Interest for the odd days is calculated on the basis of the actual days to the next full month and a 365-day year. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**PREPAYMENT.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: ShoreBank, 7054 South Jeffery Blvd., Chicago, IL 60649.

**LATE CHARGE.** If a payment is 16 days or more late, I will be charged **5.000% of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the total sum due under this Note will continue to accrue interest at the interest rate under this Note, with the final interest rate described in this Note applying after maturity, or after maturity would have occurred had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**Default in Favor of Third Parties.** I or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of my property or my ability to repay this Note or perform my obligations under this Note or any of the related documents.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts, including deposit accounts, with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone      to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys'      and Lender's legal expe      , whether or not there is a l      ult, including attorneys'      , expe      for bankruptcy pro      lings (including efforts to modify or vacate any automatic stay or injunction), and ap      . If not

**PROMISSORY NOTE**
**(Continued)**

Loan No: ▓▓▓▓▓                                                                                      Page 2

---

prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and I hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or me against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Illinois.

**CHOICE OF VENUE.** If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of Cook County, State of Illinois.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** I acknowledge this Note is secured by the following collateral described in the security instrument listed herein: a Mortgage dated December 8, 2006, to Lender on real property located in COOK County, State of Illinois.

**LINE OF CREDIT.** This Note evidences a straight line of credit. Once the total amount of principal has been advanced, I am not entitled to further loan advances. I agree to be liable for all sums either: (A) advanced in accordance with the instructions of an authorized person or (B) credited to any of my accounts with Lender. The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by Lender's internal records, including daily computer print-outs.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: ShoreBank, 7054 South Jeffery Blvd., Chicago, IL 60649.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

**ILLINOIS INSURANCE NOTICE.** Unless I provide Lender with evidence of the insurance coverage required by my agreement with Lender, Lender may purchase insurance at my expense to protect Lender's interests in the collateral. This insurance may, but need not, protect my interests. The coverage that Lender purchases may not pay any claim that I make or any claim that is made against me in connection with the collateral. I may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that I have obtained insurance as required by our agreement. If Lender purchases insurance for the collateral, I will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to my total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance I may be able to obtain on my own.

PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

X _____
   DYLAN REEVES

---

LASER PRO Lending Ver. 6.32.10.003 Copr. Harland Financial Solutions, Inc. 1997, 2006 All Rights Reserved - IL C:\LPL\CFI\LPL\D20.FC TR-11848 PR-22

ShoreBank to _____

ShoreBank

Daniel Hollowed                          Chief Operating Officer

"Pay to the order of _____ , without recourse"

# NOTE ALLONGE

**Statement of Purpose:** This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsements to evidence transfer of interest.

**Loan Number:** ▮▮▮▮▮▮▮

**Loan Date:** __12/8/2006__   **Original Loan Amount:** $ __231,300.00__

**Originator: SHOREBANK**
**Original Mortgagor: DYLAN REEVES**
**Property Address: 9808 S., NORMAL, CHICAGO, IL 60628**

Pay to The Order of
MRF ILLINOIS ONE, LLC
Without Recourse

URBAN PARTNERSHIP BANK

By: _Renee Kirin_____

Renee Kirin, Director, Banking Operations

Loan# ████████

# ALLONGE TO NOTE

This endorsement is a permanent part of the Note, in the amount of $231,300.00

NOTE DATE:          December 8, 2006

BORROWER NAME:     DYLAN REEVES

PROPERTY:          9808 S. NORMAL
                   CHICAGO, IL 60628

PAY TO THE ORDER OF:

WITHOUT RECOURSE

MRF ILLINOIS ONE, LLC
BY ITS ATTORNEY IN FACT
OCWEN LOAN SERVICES, LLC

_____

_____
Signer:     Jacolbi Williams
Title:AUTHORIZED SIGNER