**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| In re:  Dylan Reeves | ) Chapter 13 |
| Debtor(s) | ) |
| | ) Case No. 13-21976 |
| | ) |
| | ) Judge Janet S. Baer |
| | ) |

Debtor's Response To Amended Motion For Relief From The Automatic Stay

NOW COMES Dylan Reeves, the Debtor(s) in the above captioned bankruptcy proceeding, through the law firm of Robert J. Adams & Associates, and submits this response in opposition to the Amended Motion For Relief From The Automatic Stay of Kondaur Capital Corp. The debtor contends that Kondaur's motion may not be granted because the plan calls for its "lien to be avoided and treated as unsecured." Kondaur therefore has no right to post-petition mortgage payments and no default that allows for the stay to be modified.

Kondaur Capital is the alleged holder of a mortgage on debtor's property at 9808 S. Normal, Chicago, IL 60628. It attached documents to its motion showing assignments of the mortgage from Urban Partnership Bank, to MRF Illinois, and finally to itself. This mortgage is referenced in Paragraph G of the Plan as Urban Partnership Bank (account number 542605). (Attached as Exhibit A is a copy of the confirmed plan.) Similarly, Schedule D shows the same account number with a balance roughly similar to what is alleged to be owed in Kondaur's motion. (compare Schedule D (Exhibit B attached) with a balance listed of $231,300 to $221,061.41 in the motion). Kondaur's predecessors were notified of the bankruptcy at several addresses including Shorebank (a predecessor by merger/acquisition), Urban Partnership Bank, and Gregory McCormick who was the attorney in the foreclosure action by Urban Partnership Bank against the debtor in Case No. 11 Ch 40227.

Unlike a typical mortgagee, Urban Partnership Bank does not appear in Section C nor Section E(2) of the plan as entitled to regular mortgage payments. (Exhibit A.) Similarly, Urban

Partnership does not appear in Section E(5) as owed mortgage arrears. In Paragraph G of the Plan, the relevant provision is "Urban Partnership Bank (account number 542605) shall not be paid on any secured proof of claim; lien to be avoided and treated as unsecured;". No objection to the plan is found on the case docket nor does Kondaur allege lack of notice of the plan in its motion.

The debtor contends that the confirmed plan controls here over Kondaur's alleged right to a monthly payment. The plan's terms bind creditors to its terms. *In re: Echevarria*, 212 B.R. 185 (B.A.P. 1st Cir. 1997). If Kondaur did not wish to be bound to the plan's terms, it was obligated to object lest its lien be stripped. *In re: Harvey*, 213 F.3d 318 (7th Cir. 2000). Even if the plan has terms that arguably would not have survived a creditor objection, the terms become binding upon confirmation.  *In re: Bateman*, 331 F.3d 821 (11th Cir. 2003). The court is justified therefore in denying this motion. *In re: King*, 290 B.R. 641 (Bankr. C.D. Ill. 2003).

Similar to the creditor in the *Bateman* case, Kondaur may retain the right to collect on its debt at the conclusion of this case. Paragraph G of the plan appears to contemplate a further proceeding, whether adversary or motion, that would accomplish the stripping of the Kondaur lien, so the debtor is not arguing here that Kondaur's lien rights have been fully adjudicated. Indeed, this Honorable Court typically requires a motion or an adversary to strip a lien which has not been done yet. However, the plan did effect a change in Kondaur's right to payments during the life of this plan, and that right is limited to being treated as a general unsecured claim.

WHEREFORE, Dylan Reeves, the Debtor herein, prays that this Honorable Court deny Kondaur Capital Corp's Amended Motion For Relief From The Automatic Stay.

Respectfully submitted,

   /s/ Robert J. Adams & Assoc.
Attorneys for Dylan Reeves