**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

IN RE:
DYLAN REEVES                                   CASE NUMBER: 13-21976
                         DEBTOR                CHAPTER 13
                                               Judge Janet S. Baer

**CREDITOR'S SUPPLEMENT TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**NOW COMES** Kondaur Capital Corporation, as separate trustee of Matawin Ventures Trust Series 2015-2, (hereinafter "Creditor"), by and through its attorneys, Burke Costanza & Carberry LLP, for its Supplement to Motion for Relief from the Automatic Stay, states as follows:

1.    Creditor filed its Motion for Relief from Automatic Stay on May 5, 2016.  The hearing on the Motion has been continued multiple times.

2.    At the hearing on Creditor's Motion held on June 30, 2016, the Court asked that Creditor file a supplement to its Motion to explain the delay in filing the Motion for Relief from Automatic Stay.

3.    Debtor filed his Chapter 13 Bankruptcy Petition on May 27, 2013 providing notice to creditors for a mortgage on property commonly known as 9808 S. Normal, Chicago, IL 60628 to Shorebank, Urban Partnership Bank and Gregory McCormick as the attorney in the foreclosure action filed by Urban Partnership Bank as the attorney in the foreclosure that was pending on the subject mortgage and property.

4.    At the time of Debtor's bankruptcy filing, the loan was serviced by Ocwen Loan Servicing, LLC who referred the matter to undersigned counsel for the filing of a motion for relief from the automatic stay based on the fact that the Chapter 13 Plan made no provision for post-petition payments on the loan and that a post-petition arrearage was accruing.

5.    Creditor's counsel, upon receipt of the referral, request copies of the required documentation, including a copy of the Note, Mortgage, Assignments of Mortgage and valuation, whether Broker's Price Opinion or Appraisal.

6. Before all the required documentation was received, the servicing of the loan was transferred from Ocwen Loan Servicing, LLC to Kondaur Capital Corporation.

7. During the time that the loan was being transferred from Ocwen Loan Servicing, LLC to Kondaur Capital Corporation, the trustee in this matter filed numerous Motions to Dismiss for Failure to Make Plan Payments with the first being filed on April 7, 2015 and the last being withdrawn on February 11, 2016.

8. During the pendency of the Motions to Dismiss, Creditor opted to withhold its Motion for Relief from Automatic Stay to determine the outcome of the motions in an effort to reduce fees and costs.

9. After the final Motion to Dismiss was withdrawn, the Creditor's counsel sought to proceed with its Motion for Relief from Automatic Stay, obtained the necessary documentation, and filed its Motion on May 5, 2016.

10. Debtor's Plan did not provide for any post-petition payments to Creditor and suggested that he would seek to avoid the lien and have it treated as unsecured. At no point has the Debtor proceeded on his intention to avoid the lien.

11. Debtor is unable to avoid the lien pursuant to the Bankruptcy Code because the mortgage is a first lien and there is equity to support the lien as indicated in the Broker's Price Opinion attached to the original Motion.

12. Debtor is unable to avoid the lien and has taken no steps to effectuate his intentions to do so.

13. There is no statute of limitations for filing a motion for relief from the automatic stay. Creditor's delays, which were caused by the need to obtain the proper documentation to show its standing to bring the Motion and the necessary supporting evidence to prove that it is entitled to relief from the stay, along with its desire to reduce fees and costs when it appeared the case was likely to be dismissed on the Trustee's motions, do not preclude it from receiving relief now.

14. Even if the Debtor was entitled to avoid the lien, which he is not, his failure to effectuate the stated intention and to otherwise make payment on the Note and Mortgage have eliminated his ability to avoid the relief from the automatic stay that the Creditor is seeking.

15. Creditor is entitled to relief from the automatic stay under 11 U.S.C. 362(d)(1) due to lack of adequate protection and 11 U.S.C. 362 (d)(2) because the Debtor does not have equity in the property and the property is not necessary to an effective reorganization.

**WHEREFORE**, Kondaur Capital Corporation, as separate trustee of Matawin Ventures Trust Series 2015-2, prays this Court enter an Order modifying the automatic stay pursuant to 11 U.S.C. §362(d) as to Creditor and the real estate commonly known as 9808 S. Normal, Chicago, IL 60628, approving its post-petition fees and costs incurred, to waive the 14 day requirement under Rule 4001(a)(3), and for such other and further relief as this Court may deem just and proper.

DATED: July 14, 2016                    Respectfully Submitted,

                                        BURKE COSTANZA & CARBERRY LLP

                                        By: /s/ Phillip A. Pluister
                                        Phillip A. Pluister, #26544-64
                                        BURKE COSTANZA & CARBERRY LLP
                                        150 N. Michigan Ave, Suite 800
                                        Chicago, IL 60601
                                        Telephone: (219) 769-1313

### CERTIFICATE OF SERVICE

I certify that on July 14, 2016, service of true and complete copies of the attached Motion was made upon the following Distribution List herein, by depositing the same in the United States Mail, in envelopes properly addressed to each of them and with sufficient first class postage affixed.

                                        By: /s/ Phillip A. Pluister
                                        Phillip A. Pluister

**Distribution:**
Debtors: Dylan Reeves, 8737 South Racine Avenue, Chicago, IL 60620
Debtors' Attorney: Robert J. Adams, 901 W. Jackson, Ste. 202, Chicago, IL 60607
Standing Trustee: Tom Vaughn, 55 E. Monroe Street, Suite 3850, Chicago, IL 60603
U.S. Trustee: Patrick S. Layng, 219 S. Dearborn Street, Room 873, Chicago, IL 60604