**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| In re:  Dylan Reeves | ) Chapter 13 |
| Debtor(s) | ) |
| | ) Case No. 13-21976 |
| | ) |
| | ) Judge Janet S. Baer |
| | ) |

<u>Debtor's Supplemental Response In Opposition to Kondaur Capital's
Motion For Relief From The Automatic Stay</u>

NOW COMES Dylan Reeves, the Debtor(s) in the above captioned bankruptcy proceeding, through the law firm of Robert J. Adams & Associates, and submits this supplemental response in opposition to Creditor's Supplement to Motion For Relief From The Automatic Stay, as well as the already pending motion to modify the stay, of Kondaur Capital Corp. The debtor contends that Kondaur's motion may not be granted because the plan calls for its "lien to be avoided and treated as unsecured." Kondaur failed to object to the plan that provides for its lien to be treated as unsecured. Thus it cannot now assert a right to be paid otherwise.

The confirmed plan in this case uses the model plan for this district. Section C would normally state a mortgage amount to be paid on a mortgage were it to be paid a normal monthly mortgage payment. Mortgage companies often file objections insisting that the amount of the monthly mortgage payment show what is due. This plan does not show a monthly mortgage payment to be paid to Kondaur or its predecessor Urban Partnership, or Shorebank or Ocwen Servicing. Similarly, Section E(2) does not show the trustee to be disbursing any payment to Kondaur. Section E(5) of the plan would normally show mortgage arrears to be paid to a creditor like Kondaur yet it also has nothing. The result here is that Kondaur's predecessor was on notice that the mortgage here was not going to be treated like a normal mortgage. The plan contains no provision for interest payments or any other payment on a secured claim. Because confirmation of the plan determines the claims that will be allowed as secured, the necessary conclusion is that

Kondaur, for purposes of the duration of this case, is an unsecured creditor. This conclusion does not necessarily mean that the lien is avoided merely by the plan being confirmed. But for purposes of this case and this motion, Kondaur is bound to be treated as an unsecured creditor.

Paragraph G of the Plan provides the proposed treatment for Kondaur. The relevant provision is "Urban Partnership Bank (account number 542605) shall not be paid on any secured proof of claim; lien to be avoided and treated as unsecured;". The confirmation binds creditors to the terms of the plan. *In re: Echevarria*, 212 B.R. 185 (B.A.P. 1st Cir. 1997). Kondaur's predecessors were given notice of a plan, that spelled out by omission that Kondaur was not going to be treated as a standard mortgage claim. That alone should have prompted an objection. When combined with the Paragraph G treatment, Kondaur was indubitably informed of the proposed treatment. It is now bound to be treated as an unsecured creditor.

The appellate case of *In re: Harvey*, 213 F.3d 318 (7th Cir. 2000) is instructive. There 2 forms of a plan were issued that had some ambiguity regarding the stripping of a lien. The creditor there waited until after confirmation to object. The 7th Circuit ruled that even with the ambiguity, the creditor was bound to the proposed stripping of its lien. *Id.* at 322. The debtor here is not trying to argue that the Kondaur lien has actually been stripped at this point. Rather, the plan unambiguously says Kondaur does not get secured status. The debtor intends to follow through with an adversary proceeding to accomplish the stripping of the lien, but for purposes of this motion to modify the stay, Kondaur is an unsecured creditor with no right to monthly mortgage payments.

Similarly, *In re: Bateman*, 331 F.3d 821 (11th Cir. 2003) shows that for the duration of this case, Kondaur is bound to the treatment provided in the plan. There, the confirmed plan provided for treatment of mortgage arrears contrary to what the proof of claim showed. The court ruled that even though the plan did not meet the provisions of § 1325, it was accorded preclusive effect on the creditor. *Id.* at 829. The creditor there retained the right to collect mortgage arrears after

the completion of the plan, and Kondaur may very well retain the right to foreclose on the mortgage. But, for the purpose of this motion, the plan precludes Kondaur's current right to monthly mortgage payment. With no payments due, no default exists allowing for modification of the stay.

The basis for avoiding the Kondaur lien is a faulty legal description rather than a lack of value so it appears an adversary proceeding will be required and will be filed shortly. For this motion, however, the plan trumps Kondaur's right to be treated as a secured creditor. The alleged default does not exist, at least during this case, sufficient for stay relief to be granted.

WHEREFORE, Dylan Reeves, the Debtor herein, prays that this Honorable Court deny Kondaur Capital Corp's Amended Motion For Relief From The Automatic Stay.

    Respectfully submitted,

    ___/s/ Robert J. Adams & Assoc._____
    Attorneys for Dylan Reeves